ALLEN, WEST & BUSH *v.* CLAYTON & PREWITT.

*(Circuit Court, E. D. Arkansas.* March, 1882 )

ATTACHMENT SUIT—JOINT LIABILITY—SEPARATE PROPERTY.

Where the state Code provides that judgment may be rendered "for or against one or more of several defendants," according as the proof may warrant, it is a provision as applicable to suits by attachment as to suits in any other form; and where an attachment is sued out against two persons jointly, it may be sustained as against the separate property of one alone.

*W. S. McCain,* for plaintiffs.

*John A. Williams,* for defendants.

CALDWELL, D. J. The defendants were partners in the mercantile business, and as such became indebted to the plaintiffs, who sued the defendants jointly by their individual names for said indebtedness, and at the same time sued out an attachment in the suit, alleging that "the defendants had sold and conveyed their property with the fraudulent intent to cheat, hinder, and delay their creditors." Issue was taken on the affidavit for the attachment, and on the trial of that issue it appeared that Clayton, one of the defendants, had made such a disposition of his individual property as the affidavit alleged had been made by the defendants jointly, and that the writ of attachment was levied on the individual property of Clayton.

Upon this state of facts the question arises whether the attachment can be sustained as to both or either of the defendants. For the defendants it is argued that the affidavit for attachment counts on their joint act in fraudulently disposing of joint property, and that, as the proof relates to the action of one of the defendants only in relation to his individual property, there is a fatal variance between the allegation and the proof, and the attachment must fall—that it must fail as to both defendants, because there is no proof to support the allegations of a joint fraudulent disposition of joint property, and that it must fail as to the defendant Clayton, because there is no allegation to which the proof can be referred. If the common law in relation to joint contracts and the common-law rules of pleading were still in force, the position assumed by the learned counsel for the defendants would be sound. But by section 3587, Gantt's Digest, it is provided that joint obligations shall have the same effect as joint and several obligations, and may be sued on and recoveries had thereon in like manner; and the Code contains these provisions:

"Sec. 4480. Where two or more persons are jointly bound by contract, the action thereon may be brought against all or any of them, at the plaintiff's option. * * *

"Sec. 4701. Judgment may be given for or against one or more of several plaintiffs, and for or against one or more of several defendants.

"Sec. 4704. Though all the defendants have been summoned, judgment may be rendered against any of them severally, where the plaintiffs would be entitled to judgments against such defendants if the action had been against them alone."

The chapter relating to attachments is part of the Code, and the provisions of the Code relating to pleadings and judgments apply to attachment suits as well as any other. Sections 4446, 4557. It is expressly provided that when issue is taken on the attachment "the affidavits of the plaintiff and defendant shall be regarded as the *pleadings* in the attachment, and have no other effect, (section 457;) and the power to amend is the same in attachment suits as in others." *Tilton* v. *Colfield,* 93 U. S. 163. Under the provisions quoted, the debt upon which the attachment was sued out was the joint and several debt of Clayton & Prewitt, and their joint and individual property might be attached to satisfy it. A complaint against two or more jointly on a cause of action joint in form, is a good complaint against the defendants jointly and severally, and a recovery may be had against one or all, according to the proof. Attachment suits cannot

be excepted from the operation of this rule. The provision of the Code is explicit that judgment may be rendered "for or against one or more of several defendants," according as the proof may warrant, and this provision is as applicable to suits by attachment as to suits in any other form. Section 388, Gantt's Dig. subd. 9. The plaintiffs prove a good ground of attachment against the defendant Clayton, whose property has been attached, and the attachment is sustained as to him and his property. If the joint property had been attached a different question would have been presented, upon which no opinion is expressed.